By the Court. Mason, J.
This case came up on a bill of exceptions taken by the plaintiffs. The defendant had entered into a written contract to deliver to the plaintiffs two boat loads of oats, containing about seven thousand bushels, more or less, one load represented to be at that time on the Erie canal, and the other load to be delivered about the first of November then next, for which the plaintiffs agreed to pay forty-one cents per bushel as soon as delivered. The defendant failed entirely in the delivery, and the judge charged the jury that the plaintiffs were restricted in their recovery to the price of the oats at the time the two loads were respectively to have been delivered, viz. a reasonable time after the contract for the first load, and the first day of November for the second. To the latter part of this charge, to wit, that the plaintiffs were restricted as to the last load, to the price on the first of November, the plaintiffs’ counsel excepted. They also requested the judge to charge that the plaintiffs were entitled to the price oats brought a reasonable time after the first of November, inasmuch as they would have been bound to have accepted a delivery for several days after that day. The judge refused so to charge, and the plaintiffs’ counsel excepted.
We are of opinion that the learned judge erred in restricting the jury to the price of the oats on the 1st of November. The words “ on or about” the first of November, in the contract, show that the defendant did not intend to bind himself to a strict *588 compliance on that day. He might have delivered a few days previously, and the plaintiffs would have heen forced to take the oats and pay for them. The same obligation would have rested on them, if the oats had been delivered shortly after that day. It must have been a reasonable time after, but to insist on the defendant’s performing on that precise day and no other, when he had refused to bind himself to that day, would be at variance both with the letter and spirit of the contract. -
What would have been a reasonable time was a question for the jury, taking into consideration all the circumstances of the case, (Ellis v. Thompson, 3 Mees. & Weis. 445.) But until that reasonable time had elapsed, the plaintiffs would have been bound to take the oats if tendered, and they are consequently entitled to recover upon the defendant’s failure to deliver, the difference between the contract price and the market price on the last day they would have been bound to receive them. (Davis v. Shields, 24 Wend. 322.)
It is no answer to say that the plaintiffs were informed by a letter from George Smith, whose authority to act in the matter does not appear, that the defendant did not intend to fulfil, and, therefore, they might have purchased elsewhere, without reference to the contract. The jury, however, have found, that notwithstanding that letter, the defendant was bound to perform. He might therefore, as the plaintiffs had not released him, still have made up his mind tp make the deliveries ; and it is by no means certain that the plaintiffs would not have been bound to receive the whole quantity, if tendered on or about the 1st of ¡November.
We cannot, under this bill of exceptions, inquire into the authority of David Wiles to make this contract for his father. That was a question of fact on which the jury have passed. On a new trial the defendant will of course be at liberty to submit the question anew.
The exception to the charge of the judge was well taken, and a new trial must be granted. Costs to abide the event.